1             IN THE UNITED STATES DISTRICT COURT
        FOR THE CENTRAL DISTRICT OF ILLINOIS
2                 SPRINGFIELD DIVISION

3

UNITED STATES OF AMERICA,      )
4                              )
                PLAINTIFF,     )  18-30038
5                              )
        VS.                    )  SENTENCING HEARING
6                              )
JANHOI COLE,                   )  VIRTUAL COURTROOM
7                              )
                DEFENDANT.     )
8

9              TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE RICHARD MILLS
10            UNITED STATES DISTRICT JUDGE

11  JUNE 18, 2020

12  A P P E A R A N C E S:
    (ALL PARTIES PRESENT BY AUDIO/VIDEO.)

13

FOR THE PLAINTIFF:        MATTHEW WEIR
14                        ASST. U.S. ATTORNEY
                          318 SOUTH SIXTH
15                        SPRINGFIELD, ILLINOIS

16

FOR THE DEFENDANT:        DANIEL NOLL
17                        NOLL LAW OFFICE
                          930 EAST MONROE STREET
18                        SPRINGFIELD, ILLINOIS

19

20

21

22

23  TRANSCRIBER:          KATHY J. SULLIVAN, CSR, RPR, CRR
                          COURT REPORTER
24                        600 E. MONROE
                          SPRINGFIELD, ILLINOIS
25                        (217)492-4810

1                          I N D E X

2    WITNESS                DIRECT   CROSS  REDIRECT  RECROSS

3

4

5

6

7

8

9

10                      E X H I B I T S

11
     GOVERNMENT'S EXHIBIT
12   NUMBER                    IDENTIFIED    ADMITTED

13

14

15

16

17   DEFENDANT'S EXHIBIT
     NUMBER                    IDENTIFIED    ADMITTED
18

19

20

21

22

23

24

25

```
1              P R O C E E D I N G S
2      *    *    *    *    *    *    *    *    *    *    *
3         THE COURT:  Thank you, Madam Clerk.  We are
4  a smidgeon late in starting, for which we apologize,
5  but this new era that we live in as assisted by all
6  the mechanical age that we need causes a bit of a
7  problem.
8      But we are all here and this is the United
9  States of America versus Janhoi--did I pronounce
10  that right?
11         THE DEFENDANT:  Perfect.
12         THE COURT:  Beg your pardon?
13         THE DEFENDANT:  Perfectly, yes.
14         THE COURT:  Cole.  And this is Number
15  18-30038.  And it is a video conference sentencing
16  hearing.
17      Defendant Janhoi Cole is present.  Defense
18  Attorney Daniel Noll is present.
19         MR NOLL:  Good afternoon, Judge.
20         THE COURT:  And United States Attorney
21  Matthew Weir is present.  Welcome, Mr. Weir.
22         MR. WEIR:  Good afternoon, Your Honor.
23         THE COURT:  And we have United States
24  Probation Office Kara Appenzeller also appearing
25  here, though by audio only.
```

1    We are here for a sentencing hearing by video

2    conference as we have not yet resumed in-person

3    court because of COVID-19 pandemic emergency.

4    On June 8th, 2020, Mr. Noll filed an agreed

5    statement on sentencing hearing wherein he stated

6    that the defendant, Mr. Cole--who is present here

7    today--has consented to the hearing being held via

8    video conference.  Mr. Weir has no objection on

9    behalf of the Government to conducting the

10    sentencing by video conference.

11    Do I state that correctly, Mr. Noll?

12            MR NOLL:  Yes, Your Honor.

13            THE COURT:  And Mr. Weir?

14            MR. WEIR:  Yes, Your Honor.

15            THE COURT:  Yes.

16    All right.  Then, obviously, I do not object to

17    this video conferencing.

18    (Audio interference; Court reporter requested

19    clarification.)

20            THE COURT:  Apparently -- did everybody

21    hear it but me.  And what am -- what is she saying?

22            THE CLERK:  I think there may have been

23    some feedback.

24            THE COURT:  Thank you very much.  And we

25    will sit in recess for a few seconds until we get

1    this matter figured out on the mechanical side.

2              COURT REPORTER:  Thank you, Judge.

3         (A recess was taken.)

4              THE COURT:  Thank you so much.

5         Very well.  Now, I will pick up.  I think we

6    had just addressed Mr. Cole individually, had we

7    not?

8              MR NOLL:  Judge, I believe you were going

9    to ask Mr. Cole whether he consented to the video

10   conferencing at this point.

11             THE COURT:  Right.

12        I will now inquire directly of the defendant,

13   Mr. Cole.  You have an absolute right to be

14   personally present in the courtroom for the

15   sentencing hearing once it is permissible to hold

16   in-person hearings.  You understand that?  You have

17   a right to be present?

18             MR NOLL:  Pike County, you guys are muted

19   over there.  We cannot hear you.

20             THE COURT:  I see.

21             THE DEFENDANT:  Yes, Judge, I comprehend.

22             THE COURT:  Here we are.  Are we all on

23   board and ship is ready to sail?  Excellent,

24   excellent.

25        I will now inquire directly of the defendant,

1    Mr. Cole.  You have an absolute right to be

2    personally present in the courtroom for a sentencing

3    hearing once it is permissible to hold in-person

4    hearings.  Do you understand that?

5          THE DEFENDANT:  Yes, Judge.

6          THE COURT:  And are you waiving that right

7    to be personally present and agreeing to appear and

8    have this proceeding conducted by video conference

9    today?

10          THE DEFENDANT:  Video conference is fine,

11    Your Honor.

12          THE COURT:  Excellent.  And is that your

13    decision based on the advice from your attorney?

14          THE DEFENDANT:  Both and by myself as well.

15          THE COURT:  Thank you.  That's an excellent

16    answer.

17       The Court finds that Mr. Cole's waiver of

18    personal appearance is knowing and voluntary.  And

19    the Court hereby accepts his waiver and consent to

20    appear by video.

21       Is that sufficient for the Government, Mr.

22    Weir?

23       Is that sufficient, Mr. Weir, for the

24    Government?

25          MR. WEIR:  Yes, Your Honor.

1          THE COURT:  And, Mr. Noll?

2          MR. NOLL:  Yes, Your Honor.

3          THE COURT:  Very good.

4      On January the 8th of 2020, Defendant Janhoi

5  Cole appeared before U.S. Magistrate Judge Jonathan

6  E. Hawley and entered a plea of guilty to Count 1 of

7  the indictment which charged possession with intent

8  to distribute 500 grams or more of methamphetamine

9  in violation of Title 21 United States Code Section

10  841(a)(1)(B), as in boy, (1)(a) and Count 2 which

11  charged possession with intent to distribute

12  1 kilogram or more of a substance containing heroin

13  in violation of Title 21 United States Code Section

14  841(a)(1) and (b)(1)(A).

15      On January 24, 2020, I accepted the report and

16  recommendation concerning the guilty plea thereby

17  adjudging the defendant guilty of the offenses.

18      I note that the presentence report states in

19  several places that Mr. Cole had pled guilty only to

20  Count 1.  That omission of Count 2 I think was based

21  on the minute entry following the change of plea

22  hearing which stated that he had pled guilty only to

23  Count 1.

24      In any event, that does not change the

25  sentencing options in any way.  Judge Hawley's

1    report and recommendation correctly states that

2    Mr. Cole pled guilty to Counts 1 and 2, as does my

3    text order concerning the guilty pleas.

4        My law clerk, Mr. O'Neill, raised this issue

5    with counsel yesterday, and I understand that

6    counsel is prepared to proceed.  Is that correct,

7    Mr. Weir?

8            MR. WEIR:  Yes, Your Honor.

9            THE COURT:  And Mr. Noll?

10           MR NOLL:  Yes, Your Honor.

11           THE COURT:  I'll state for the record that

12   I've read the revised presentence investigation

13   report prepared by our probation officer,

14   Ms. Appenzeller.  I have reviewed the Government's

15   sentencing commentary filed by Mr. Weir and the

16   defendant's commentary on sentencing factors filed

17   by Mr. Noll.

18       Attached to the defendant's commentary there's

19   several character letters filed on behalf of

20   Mr. Cole.  One from, Sharon Cole, who I believe is

21   Mr. Cole's stepmother who has known him since he was

22   ten years old.

23       A second letter from Judith V. Mowatt,

24   Mr. Cole's mother.

25       A third letter from Yolande Cole, his sister.

1    And another from Shoshanah R. Haricha, who has

2 known Mr. Cole for 11 years and is the mother of his

3 niece.

4    Number five, one from Lorna Wesley, Senior

5 Pastor of Bible Teaching International, who has

6 known Mr. Cole for 25 years and describes him as, "A

7 mannerly, reliable, helpful young man with a

8 good-natured demeanor."

9    A sixth letter from Dorothea Cole, Mr. Cole's

10 niece.

11    And a seventh letter from Solo Rubinstein, the

12 mother of Mr. Cole's 22-year-old son, who speaks

13 very highly of Mr. Cole as a father and a person.

14    Now, I have -- for everyone, I have read and

15 considered every one of these letters that were

16 submitted on behalf of Mr. Cole in mitigation.  I

17 will note that they were very helpful to the Court.

18 The letters from family and friends all speak very

19 highly of him and describe how much he is missed.

20    I will also add here that I was extremely

21 impressed with the letter that Ms. Rubinstein sent

22 me.  Very, very impressive.

23    According to the addendum to the presentence

24 report and your commentary, Mr. Weir, the Government

25 reported having no objections to the P.S.R.   Does

1    that remain true today?

2           MR. WEIR:  Yes, Your Honor.

3           THE COURT:  Thank you.

4       And, Mr. Noll, the addendum in your commentary

5    reports that Mr. Noll -- Mr. Cole had no unresolved

6    objections to the presentence report.  And does that

7    remain true today?

8           MR NOLL:  Yes, sir.

9           THE COURT:  I will inquire directly of the

10   defendant, Mr. Cole.  Did you receive a copy of the

11   presentence investigation report prepared by the

12   probation officer, Ms. Appenzeller?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Did you read it?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Did you discuss it with your

17   counsel, Mr. Noll?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  And is it your position today

20   that you have no unresolved objections to the P.S.R.

21   as stated by Mr. Noll?

22          THE DEFENDANT:  No objections, Your Honor.

23          THE COURT:  I note first that the statutory

24   minimum term of imprisonment is ten years.  However,

25   the parties agree that Mr. Cole is safety-valve

1    eligible under Title 18 United States Code Section

2    3553(f)(1-5), and therefore, the minimum term does

3    not apply.

4        Is that your understanding, Mr. Weir?

5            MR. WEIR:  Yes, Your Honor.

6            THE COURT:  How about you, Mr. Noll?

7            MR NOLL:  Yes, Your Honor.

8            THE COURT:   Turning to Paragraph 56 on page

9    11 of the presentence report, based on a total

10    offense level of 29 and a criminal history category

11    of Roman I, the guideline imprisonment range as to

12    Mr. Cole is found by the Court to be 87 to

13    108 months.  That's 87 to 108 months.  And that is

14    the finding of the Court.

15        Is there any objection to that finding, Mr.

16    Weir?

17            MR. WEIR:  No, Your Honor.

18            THE COURT:  Mr. Noll?

19            MR NOLL:  No, Your Honor.

20            THE COURT:  All right.

21        I will now hear from you gentlemen.  And now

22    from the Government, Mr. Weir, you go first.

23            MR. WEIR:  Thank you, Your Honor.  And may

24    it please the Court.

25            THE COURT:  It does.

1        MR. WEIR:  Mr. Noll.

2        MR NOLL:  Mr. Weir.

3        MR. WEIR:  Judge, I'll rely mainly on the

4    sentencing commentary filed in this case, and just

5    point out to the Court that the guideline range is

6    only as high as it is based on the amount of drugs

7    in this case.

8        Mr. Cole has no prior convictions, but there

9    was approximately 6 kilograms of heroin and

10   5 kilograms of methamphetamine found in this case

11   that Mr. Cole was -- appears to have been

12   transporting from the west coast to the east coast

13   at the time he was stopped basically in the middle.

14       And based on his history of arrests, it does

15   appear Mr. Cole has some long-standing ties to drug

16   trafficking.  However, I do not have any information

17   about those prior times for the Court.

18       For the plea agreement, per the plea agreement,

19   the Government has agreed to recommend the low end

20   of the guidelines.  In this case, that's 87 months,

21   to be followed by I believe it's five years of

22   supervised release, Judge.  That's what the

23   Government would ask at this time.

24       THE COURT:  Fine.  Thank you very much.

25   Thank you, Mr. Weir.

1         And Mr. Cole -- Noll, now to you.

2             MR NOLL:  Thank you, Your Honor.  May it

3    please the Court.

4             THE COURT:  It does.

5             MR NOLL:  Mr. Weir.

6         Judge, I think we've laid out a number of the

7    applicable sentencing factors for the Court to

8    consider when imposing the sentence on Mr. Cole.

9         As laid out in our sentencing commentary, we

10   are asking for a sentence of 60 months imprisonment

11   followed by a term of three years of mandatory

12   supervised release.  Again, the supervised release

13   period can be altered based upon Mr. Cole's safety

14   valve eligibility.

15        The reasons for the 60-month sentence, as Mr.

16   Weir stated, Mr. Cole is essentially a drug mule in

17   this case going from the west coast to the east

18   coast.  There's no indication that he possessed a

19   firearm or that this was in any way, shape, or form

20   a violent offense.

21        As laid out in the seven letters the Court has

22   previously read, his family and friends have

23   numerous positive things to say about him, including

24   his compassion really stuck out and his generosity

25   and his positive attitude.

1        Mr. Cole has exceptional skills when it comes

2    to cooking.   He's run his own business and has been

3    a personal chef for a number of years.

4    Unfortunately, he decided to transport drugs, which

5    is what brings him in front of the Court today.

6        Mr. Cole is a citizen of Jamaica and will

7    likely be deported subsequent to this offense.   As

8    noted in the commentary, the cost of incarceration

9    currently in the United States for a Federal Bureau

10    of Prisons inmate is approximately $36,299.   Given

11    his immigration status, we submit to the Court that

12    having the American taxpayer pay the burden of

13    imprisoning him for any period longer than the five

14    year sentence that we are requesting is an

15    unnecessary burden to the taxpayers of America.

16        I would note, Judge, that the letters and

17    everything that were submitted, I appreciate the

18    Court reading those beforehand.   I'm not going to

19    reiterate them based on the Court's representation;

20    I know you thoroughly digested them.   And I know my

21    client and I are very appreciative of that.

22        Mr. Cole has no prior criminal history.   Based

23    upon those factors, Judge, we believe a sentence

24    below the sentencing guidelines range is

25    appropriate, it is allowable under the law, and is

1    consistent with other sentences that have been

2    handed out in this jurisdiction, the 7th Circuit,

3    and the United States.

4         The other thing that I wanted to mention,

5    Judge, as outlined in our sentencing commentary is

6    that the defendant is requesting that he be

7    sentenced to F.C.I. Fort Dix in New Jersey so he can

8    be close to his family in that area of the country.

9         I would request that he be placed into the RDAP

10   program based upon the nature of the offense and his

11   self-reported use in the P.S.R.

12        And I believe when the Court is ready for it,

13   Mr. Cole will be providing a short statement in

14   allocution.

15        All of that said, Judge, I just wanted to make

16   the Court aware in the two months or so that -- or

17   two years or so that I have been representing

18   Mr. Cole, I found him to be a highly intelligent

19   individual.  He always had a positive smile.  The

20   stress of being involved and having breaks with

21   family and friends during all of this has weighed

22   heavy on him, but he's always been pleasant to deal

23   with, he's been kind and has always kept his spirit

24   up even though the outside world was getting ugly

25   for him.  For that, I appreciate representing the

1    guy.  He has come across exactly as he is portrayed

2    in the letters to me.

3         So he's been a pleasure to represent, and I

4    hope the Court will consider all of that when

5    sentencing him.

6              THE COURT:  Well, thank you, Mr. Noll.

7    That was very helpful to the Court.

8         Of course, the Sentencing Guidelines are

9    advisory.  And as I noted earlier, the ten-year

10   mandatory minimum does not apply in this case.

11        The Government recommends a low guideline

12   sentence of 87 months while the defense recommends a

13   below the guideline term of 60 months.

14        I must consider the guideline range only with

15   the applicable statutory factors in determining an

16   appropriate sentence.

17        As I stated earlier, I have read the revised

18   presentence report, the commentaries, and the

19   letters in mitigation, and I've now considered the

20   arguments and statements made here today.

21        I've considered the factors set out in Section

22   3553(a), including the nature and circumstances of

23   the offense, the history and the characteristics of

24   the defendant, the need for the sentence to provide

25   just punishment and adequate deterrence, and to

1  protect the public from further crimes.

2      The sentence should also reflect the

3  seriousness of the offense.  --

4          MR. WEIR:  Your Honor, I apologize for

5  interrupting.  Did the Court want to hear from the

6  defendant?

7          THE COURT:  Yes, Mr. Cole's going to

8  give -- be given his right of allocution.

9          MR. WEIR:  My apologies, Judge.

10          THE COURT:  Surely.  Sometimes I take it

11  right after that counsel talk and give to me, and

12  sometimes I don't.  This adds a little spice to the

13  life you and Mr. Noll lead every day.  And once in a

14  while, we'll spice it up.

15      And I'm having no trouble at all with Mr. Cole,

16  and so I thought I'd give you guys a hard time.  It

17  adds something to this matter.

18      All right.  Where was I?

19      (The requested material was read.)

20          THE COURT:  That's where -- now, we will

21  pick it up with that script.

22      -- and promote respect for the law.  I have

23  considered all of these factors in determining what

24  an appropriate sentence would be.

25      Mr. Cole is before the Court because he was

1    found with approximately 6 kilos of heroin and

2    5 kilos of ice methamphetamine during a traffic stop

3    on I-55 in Springfield.  Large amounts of two very

4    dangerous drugs--meth and heroin.  Apparently,

5    Mr. Cole was transporting the drugs cross-country

6    for major drug traffickers.

7         Mr. Cole now is 43 years old.  He was born in

8    Jamaica and is a permanent resident of the United

9    States and holds a green card.  He was in the

10   process of becoming a naturalized U.S. Citizen at

11   the time of his arrest.

12        He has three children who are 21 years of age,

13   13 years, and a 4-year-old.  The defendant's

14   commentary reports that Mr. Cole hopes to remain in

15   the United States to provide for his children.

16        Mr. Cole has had problems with marijuana and

17   alcohol, but apparently no other drugs.  He has

18   worked as a personal chef and owned a restaurant in

19   Los Angeles.

20        Mr. Cole has previous arrests, but no previous

21   convictions.  That is somewhat unusual for a

22   defendant in Federal Court and one of the reasons he

23   is safety-valve eligible, the lack of any criminal

24   history.

25        Mr. Noll's sentencing commentary also points

1    out that it is likely that Mr. Cole will be deported

2    following a prison term, and that the Court should

3    consider that as a reason for a below guideline term

4    given the likelihood of that.

5         Another factor is the need to avoid unwarranted

6    sentencing disparity among similarly-situated

7    defendants.  The defendant's commentary cites two

8    defendants recently sentenced in this court, Jomar

9    Clay, whom I sentenced, and Steven Holguin, who

10   Judge Myerscough sentenced.

11        I agree Mr. Cole is somewhat similarly situated

12   to Mr. Clay.  And I think the sentence I impose

13   today will be similar in terms of where it falls

14   with respect to the sentencing guideline range and

15   the percentage of any deviation therefrom.

16        I also must impose a sentence that is

17   sufficient but not greater than necessary to comply

18   with the statutory purposes of sentencing.

19        And now, Mr. Cole, I am going to offer you a

20   chance to make to the Court whatever statements you

21   would like to make before I impose sentence.  And

22   you may say whatever you'd like to say.  And I don't

23   put any restrictions upon this at all.

24        And I can honestly tell you that all I know is

25   from what is in the record in this case about you.

1    Which means all of the letters and the probation

2    officer's report to me and the comments made by your

3    counsel on your behalf, Mr. Noll, and those made on

4    behalf of the Government by Mr. Weir.  And that's

5    all.  I have never seen you in person and this takes

6    place of my seeing you because of the pandemic that

7    we have all been subjected to.

8        So now I'd like to offer you an opportunity to

9    say whatever you would like to say to me before I

10    impose sentence.

11        THE DEFENDANT:  Thank you, Your Honor.  I

12    wrote something, but I don't have it with me, so

13    I'll speak freely from my mind.

14        THE COURT:  Fine.

15        THE DEFENDANT:  First and foremost, I would

16    like to address Mr. Weir, the man who is imposing

17    sentence on me.  He's a man actually doing his job,

18    and I appreciate your time and your effort for

19    everything you have done because you're actually

20    doing your job.

21        And everyone else, Ms. Appenzeller, you're

22    doing your job.  I appreciate everyone for just

23    being a part of the American system of -- the

24    judiciary system of how things are governed.

25        And I must address you, Mr. Mills.  Your

1   accolades speak for itself.  You're obviously one of

2   the greatest men in America's courthouses right

3   here.  Even in this jailhouse, people speak a lot

4   about you.  And I must say it's -- I wish I could

5   have been in your presence working with you and not

6   being able to be judged by you.  But I thank you,

7   everyone, for being here and participating.

8       And I have made a terrible mistake in my life

9   of being a driver to try and earn an extra piece of

10   change.  And it's like a game of chess, you know,

11   you make one bad move, lost my queen, lost my rook,

12   lost my castle, and it's almost like the game is

13   over with just one bad move.

14       But I believe and I have faith that I'll be

15   able to do well again.  Mostly for the sake of my

16   children.  I have three children, I have two boys

17   and a girl.  And I must say, ever since -- as a

18   father, ever since the girl was born, I have been a

19   changed, much better man.

20       And often, I'm not perfect.  And I -- in the

21   nature of how I was raised, I'm an embarrassment

22   right now to not just my family, but to a lot of my

23   friends and companions.  Because I was raised by a

24   nature of people where -- were totally against hard

25   drugs.  Hard drugs is not something that we tolerate

1    the use of, the sale of in the community that I was

2    raised in.  So I must take total pride of

3    embarrassment for just being affiliated with what

4    I'm being charged with.  It's very embarrassing for

5    me, believe it or not.

6        And I -- I've been here for two years and it's

7    the first I've ever been locked up so long.  And

8    I've lost -- I've basically lost so much every day,

9    I just try to keep my spirits up.

10       But the system is the system.  And the system

11   must prevail.  And I hope for now and evermore that

12   the powers being will allow me to still have the

13   chance to do something great again in life and make

14   my children proud to say, "That's my dad" and proud

15   to point me out.  I just hope that I'll still have

16   the opportunity to do something.  I always have

17   ambitions of doing great things within my line of

18   work, and I just hope and pray that something great

19   will be made of me once again.

20       And I'm embarrassed and I apologize for being

21   here.  And you know, I thank you, everyone here, for

22   participating.  And once again, Mr. Weir, who is

23   sentence me, no hard feelings, sir.  You're doing

24   your job and I think you're very good at it.

25       And as I say, Mr. Mills, your reputation speaks

1   for itself.  I respect -- I genuinely have a lot of

2   respect for your accolades at your age and stage, I

3   really do.  I can see -- I been to the courthouse

4   once and I heard your voice in the background, and

5   all I could hear, yeah, I was locked up downstairs

6   at my sentencing and you were walking in the

7   hallway, and all I could hear was "Good afternoon,

8   Judge.  How you doing, Judge.  Oh, it's a little

9   rainy outside."  But everything -- but I could just

10  sense the honor of just hearing you walk in that

11  hallway.

12      So it's an honor seeing you here today, and my

13  respect to your family.  I wish you a lot of health

14  and -- I have a grandfather 97 years old too that

15  I'm very close to in Florida.  And I wish you all

16  the best of health.  And same to you, Mr. Weir,

17  Ms. Appenzeller, and obviously my lawyer, Mr. Noll.

18  Everyone here.  I wish everyone all the best.  I'm

19  not bitter for facing you all because you're all

20  doing your jobs.  And I thank you all very much for

21  participating.

22      Judge, thank you for -- for being you.  Mr.

23  Weir, thank you for being you.  And without any

24  spoken words, my guidance, Mr. Noll, I appreciate

25  you from day one, and I trust you with my eyes

1    closed, and I appreciate you.  And you thank you

2    all.  I appreciate you from the top of my heart.

3         And that would be it for me, Your Honor.  Thank

4    you again.

5         THE COURT:  Thank you, Mr. Cole.

6         I feel confident that I speak for Mr. Weir and

7    Mr. Noll and the probation officer for that

8    magnificent allocution.

9         We have never before had such an articulate

10   comment from a defendant who was going to be --

11   going to be sentenced to a significant period of

12   time.  And I compliment you very much, Mr. Cole, for

13   those words.

14        THE DEFENDANT:  Thank you, sir.

15        THE COURT:  Any reason why I shouldn't

16   proceed with sentencing at this time, Mr. Weir?

17        MR. WEIR:  No, Your Honor.

18        THE COURT:  Mr. Noll?

19        MR NOLL:  No, Your Honor.

20        THE COURT:  Pursuant to the Sentencing

21   Reform Act of 1984, the defendant, Janhoi Cole, is

22   hereby committed to the custody of the Bureau of

23   Prisons for a term of 74 months, which is six years

24   and two months.  That's about 85 percent of the low

25   end of the guidelines; very similar to the sentence

1    Mr. Clay received, as noted above.

2        The Court finds the defendant does not have the

3    ability to pay a fine and no fine is imposed.

4        Following your release from custody, you shall

5    serve a three-year term of supervised release.  And

6    based on Mr. Cole's lack of any criminal history and

7    the likelihood that he will be deported, the Court

8    finds that a three-year term of supervised release

9    is sufficient.

10       Now, while on supervised release, Mr. Cole, you

11   shall not commit another federal, state, or local

12   crime.  You shall not unlawfully use or possess a

13   controlled substance.  And you shall submit to one

14   drug test within 15 days of release from

15   imprisonment and at least two drug tests thereafter

16   as directed by the Probation Office.

17       Pursuant to Title 34 U.S. Code Section 40702,

18   you shall cooperate in the collection of D.N.A. as

19   directed by the probation officer or the Bureau of

20   Prisons.

21       Now, has Mr. Cole reviewed, initialed, and

22   signed Court's proposed conditions of supervised

23   release?  I know it's a little more difficult to

24   accomplish that with the current restrictions we're

25   all living under.

1          MR NOLL:  Your Honor, I have reviewed them
2     with him.  I know he was provided a copy.  I don't
3     believe that has been returned to the Court.
4          THE COURT:  All right.  Do you recall,
5     Mr. Cole, reading all of those and initialing them
6     and signing them?
7          THE DEFENDANT:  I have them and I will mail
8     it out right now.  So I guess I'll be giving it to
9     my officer as soon as I get back to my cell, sir.  I
10    already signed it, but I have it in my position.
11         THE COURT:  Very well.  And does the
12    Government have any objection to that being received
13    and filed with this Court and accepted?
14         MR. WEIR:  No, Your Honor.
15         THE COURT:  And, Mr. Noll, would you be
16    good enough to obtain that from Mr. Cole and make
17    sure that it is filed with the Court.  And I would
18    appreciate you asking Madam Clerk, upon the filing
19    of that, to make sure that I see it individually and
20    personally.
21         MR NOLL:  Yes, sir.
22         THE COURT:  Yes.
23         MR NOLL:  So, Janhoi, you're going to have
24    to mail that to me.
25         THE DEFENDANT:  Right away.

1              MR. NOLL:  Okay.

2              THE COURT:  And you will see to that on

3    your end of the mailing, Mr. Cole?  You make sure

4    that you send this to Mr. Noll, all of the waivers

5    you've signed, you initialed, and he will file it

6    with the Court and see that a copy is served upon

7    the Government.  Is that clear?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Everyone is clear on that?

10   Very good.

11        Now, I will state for the record that Mr. Cole

12   has admitted to the Court here today on the record

13   that he has read the conditions of supervised

14   release and waived an oral reading.  And Mr. Cole

15   has signed the conditions and he is going to turn

16   them over to the officer, I think it's the Pike

17   County jail?  Isn't that the Pike County jail?  Yes.

18   And then it will be mailed to the Court.  And make

19   sure that Madam Clerk copies -- now, the original is

20   going to be mailed to Mr. Noll.  And Mr. Noll is

21   going to make sure that Mr. Weir gets a copy and

22   that I am shown that original.

23             THE CLERK:  Yes, Judge.

24             THE COURT:  Okay.  Make sure that we

25   understand our role.

1    Now, those conditions will be docketed and
2  filed and are hereby imposed.
3    A special assessment of $200 is imposed.  $100
4  on each count and is payable immediately; two
5  counts, $100 for each count.  And that is by
6  statute, that is imposed by statute, I have no
7  discretion.  I cannot waive that, Mr. Cole, I have
8  no authority.  That is imposed by Congress in
9  criminal actions.
10    Now, it is recommend by the Court that the
11  defendant serve his sentence at F.C.I. Fort Dix in
12  New Jersey if possible, or as close to his family in
13  Englewood, New Jersey as possible.
14    Do I state that correctly, Mr. Noll?
15        MR NOLL:  Yes, Your Honor.
16        THE COURT:  All right.
17    And would further recommend that he serve his
18  sentence in a facility that will allow him to
19  participate in the Residential Drug Abuse Program
20  and maximize his exposure to educational and
21  vocational opportunities.
22    Now, Mr. Cole, you've been in custody for
23  almost two years, so you will get credit for that.
24  You'll be eligible for 54 days of good time per
25  year.  Now, you could possibly be eligible for

1    additional credit if you qualify for and

2    successfully complete R.D.A.P., RDAP.  I have no

3    control over that.

4         So you don't have all that much time left when

5    you consider all these things added up.

6         The Bureau of Prisons has excellent educational

7    and vocational programs, so make sure that you make

8    good use of your time.  I can't emphasize that

9    strong enough.  You can rack up good time if you put

10   your mind and effort to do it, and before long,

11   you're gonna be out.

12        Now, there's an awful good chance that you're

13   gonna be shipped off; that you're not going to be

14   able to stay here.  And that's one of those things.

15   You play around with these drugs, you're playing

16   with fire.  And you get burned so easily.  And I --

17   day after day, I'm here sending somebody to prison.

18   And sometimes for a period, a lengthy time.  And

19   methamphetamine, for instance, is a terrible plague.

20        And you are at Pittsfield, Illinois, in Pike

21   County Jail.  And they house for when we get

22   overcrowded over here in Springfield.  And I use to

23   be, in my early days as a Judge, a Judge on the 8th

24   Judicial Circuit of Illinois which included

25   Pittsfield.  But I have many times sat in the

1    courthouse just down the street from the jail where

2    you are and over in Quincy.  I've handled many, many

3    sentencings and trials over there.

4         At the time, methamphetamine is a problem there

5    in Adams County on the state level and on the

6    federal level.  And we are seeing more and more

7    young men getting involved in methamphetamine

8    trafficking.  It is tragic.  It is a horrible drug

9    and it is almost immediately problematic and

10   addictive and just ruins many young men.  But it's

11   up to me and Judge Myerscough to sentence them, but

12   it's a terrible, terrible scourge.

13        And I hope that it clears up before long

14   because it's a terrible plague and it's a horrible

15   drug.

16        Well, I believe that the plea agreement

17   included a waiver of the right to appeal, but I

18   understand certain appellate rights were preserved.

19   So, Mr. Cole, you may have the right to file a

20   notice of appeal if you seek to raise a claim that

21   you received ineffective assistance of counsel.

22        You also reserved your right to appeal the

23   denial of your motion to suppress, so you have that

24   limited right to appeal.

25        And I tell you, Mr. Cole, any notice of appeal

1    must be filed within 14 days of the entry of

2    judgment in this case, which will be in the next day

3    or two.  And if that is your desire, Mr. Noll will

4    assist you in the filing of a notice of appeal.

5        Now, have I missed anything, Mr. Weir?

6            MR. WEIR:  No, Your Honor.

7            THE COURT:  Mr. Noll?

8            MR NOLL:  No, Your Honor.

9            THE COURT:  And, Mr. Cole, I finally say to

10   you, that I have a hunch that you are going to make

11   the most out of your incarceration.  And you are

12   going to cooperate with Bureau of Prisons, with

13   B.O.P., 100 percent.  And you are going to enter

14   programs which will give you a much better chance to

15   finish up your term and know that you're gonna earn

16   every good time and good day that you have coming.

17   And I wish you luck.

18            THE DEFENDANT:  Thank you, sir.

19            THE COURT:  And very good luck to you.

20        And give my regards to the sheriff of Pike

21   County and all the officers over there.

22            THE DEFENDANT:  Mr. Greenwood.  I will.

23            THE COURT:  Tell him it reminds me of the

24   good old days.

25            THE DEFENDANT:  I will.

1          THE COURT:   And when I was a lot younger.

2          THE DEFENDANT:  I will, sir.

3          THE COURT:   Very good.

4      Mr. Cole, one shot of advice.  Keep up the good

5  work.  You have given me one of the best

6  commentaries that I've received in a long time.  And

7  you have thought this out and you are to be

8  congratulated.  Good luck to you and every best

9  wishes.

10          MR NOLL:  I was simply inquiring whether

11  the Court had heard any information about the United

12  States Marshal service whether they were beginning

13  transports to B.O.P. yet?

14          THE COURT:   No.   The short answer is no.

15  I'm looking at the Marshals in the courtroom, and

16  two of them are here, and they are shaking their

17  heads in the negative and we have not heard yet.

18      No, I have not specifically personally heard

19  yet, but I will -- would imagine that it's going to

20  be just as soon as B.O.P. can get here.  I just

21  don't know.  But I would expect it will be as

22  quickly as they can marshal up all of the paperwork

23  and everything like that.  So -- and I will make

24  sure that they understand that we're recommending

25  and the Court recommends Fort Dix.

1      MR NOLL:  Thank you, Your Honor.  I have
2   nothing further.  I appreciate the time.
3      THE COURT:  And, Mr. Weir, anything further
4   from the Government?
5      MR. WEIR:  No, Your Honor.
6      THE COURT:  And thank you, counsel, for
7   everything.
8      Now, thanks to the court staff.  And here we
9   are, Madam Clerk and Madam Reporter, it will be nice
10  when we can all get together again.
11     THE CLERK:  Absolutely, Judge.
12     THE COURT:  All right.  Now, finally,
13  Mr. Cole, all best wishes to you.  And you keep your
14  nose clean and get all those points and cooperate
15  with B.O.P. and get out of there as quickly as
16  possible.
17     THE DEFENDANT:  Yes, sir.  Thank you very
18  much.
19     THE COURT:  All right.  Very good.
20     MR NOLL:  Thank you, Judge.
21     THE COURT:  Thank you, Gentlemen.  Court
22  stands in recess.
23     (Court was recessed in this case.)
24
25

1    I, KATHY J. SULLIVAN, CSR, RPR, CRR, Official Court

2    Reporter, certify that the foregoing is a correct

3    transcript to the best of my ability given

4    audio/video limitations beyond my control, from the

5    record of proceedings in the above-entitled matter.

6

7

8

9

10                    This transcript contains the

11                    digital signature of:

12

13                    Kathy J. Sullivan, CSR, RPR, CRR

14                    License #084-002768

15

16

17

18

19

20

21

22

23

24

25