IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-30038 |
| ) | |
| JANHOI COLE, ) | |
| ) | |
| Defendant. ) | |

<u>**OPINION AND ORDER**</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Janhoi Cole's Motion for Compassionate Release (d/e 71) in which Defendant requests a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant has not identified any extraordinary and compelling reason warranting compassionate release under Seventh Circuit precedent. Therefore, Defendant's Motion (d/e 71) is denied.

## BACKGROUND

On January 8, 2020, Defendant Janhoi Cole pleaded guilty to one Count of possession with intent to distribute 500 grams or more of a substance containing methamphetamine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(A) and one Count of possession with

intent to distribute 1 kilogram or more of a substance containing heroin. Defendant was then sentenced on June 18, 2020 for a term of 74 months' imprisonment on Count One and a consecutive term of 74 months' imprisonment on Count Two. Each term of imprisonment was to be followed by concurrent 3-year terms of supervised release. Defendant appealed but the Seventh Circuit, sitting en banc, affirmed the conviction on December 17, 2021. United States v. Cole, 21 F.4th 421 (7th Cir. 2021).

Defendant filed his pro se Motion for Compassionate Release on August 5, 2022. (d/e 71). On August 19, 2022, the Government filed a Response (d/e 72) in which the Government states its opposition to Defendant's motion.

## LEGAL STANDARD

The Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), allows an inmate to file a motion for compassionate

release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'" United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021).

## ANALYSIS

There is no dispute that Defendant's motion is properly before the Court after Defendant exhausted his administrative remedies under §3582(c)(1)(A). Instead, the parties' focus on whether Defendant has presented extraordinary and compelling reasons warranting compassionate release.

Defendant raises numerous general concerns regarding COVID-19, its prevalence in the Bureau of Prisons ("BOP"), and various federal officials' criticisms of the BOP's handling of the COVID-19 pandemic as an extraordinary and compelling reason to warrant Defendant's early release. Defendant also argues that he has suffered undue hardship from being transferred to a medium security prison and that he has not been able to take advantage of residential programming or treatment while incarcerated given Defendant's pending deportation upon release. Defendant lastly argues that his good behavior while incarcerated is an extraordinary and compelling reason warranting immediate release.

Each argument Defendant advances has been rejected by the Seventh Circuit. In United States v. Ugbah, the Seventh Circuit held that neither a potential pending deportation known at

sentencing nor good disciplinary records are extraordinary or compelling reasons under § 3582(c)(1)(A).  4 F.4th 597.  The <u>Ugbah</u> Court also reaffirmed its holding in <u>Unites States v. Broadfield</u>, 5 F.4th 801 (7th Cir. 2021), that "prisoners who have access to a [COVID-19] vaccine cannot use the risk of COVID-19 to obtain compassionate release."  <u>Id.</u>  Like the defendant in <u>Ugbah</u>, Defendant here has not argued that he is "unable to . . . benefit from the [COVID-19] vaccine" which he has already received.  Def. Med. Records (d/e 74) p. 11.  Also like the defendant in <u>Ugbah</u>, Defendant's sentencing judge here, Judge Richard Mills, considered Defendant's likely deportation upon release at the sentencing hearing.  <u>See</u> Sent. Tr. (d/e 65) p. 25.  And to the extent Defendant raises general concerns regarding COVID-19 within FCI McDowell, where he is incarcerated, the BOP's website lists only one inmate currently infected with the disease and two staff members.  <u>See</u> "COVID-19 Cases," https://www.bop.gov/coronavirus/index.jsp (last accessed Aug., 23, 2022).  The issues Defendant raises have been asked and answered by the Seventh Circuit in <u>Ugbah</u>, and the Court does not find any reason it should deviate from the answers provided.  Accordingly, the Court finds that neither Defendant's

potential deportation, good disciplinary record, nor general concerns about the prevalence of COVID-19 in FCI McDowell present an extraordinary and compelling reason to grant him compassionate release.

## CONCLUSION

Because Defendant has not presented extraordinary and compelling circumstances warranting compassionate release under Seventh Circuit precedent, the Court need not address the sentencing factors set out in 18 U.S.C. § 3553.  Defendant's Motion for Compassionate Release (d/e 71) is, therefore, denied.

**IT IS SO ORDERED.**
**ENTERED:  August 23, 2022**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**